Supreme Court, June, 1920.        [Vol. 112.

CHARLES BIRNBAUM and SIGMUND BENDET, Plaintiffs, *v.* WOLF STEIN, Defendant.

(Supreme Court, Bronx Special Term for Trials, June, 1920.)

**Specific performance — sale of real property — contracts — when defendant entitled to judgment.**

> In an action to compel a conveyance of real estate based upon a writing which, though in form a receipt for a part payment of the purchase price, provides that a certain sum shall be paid " on closing of the contract " the next day, but does not purport to be the entire agreement between the parties, the defendant is entitled to judgment upon the merits.

ACTION to compel the defendant to convey real estate.

Philip S. Glickman, for plaintiffs.

Samuel Cohen, for defendant.

GIEGERICH, J. The action is to compel the defendant to convey real estate which the plaintiffs claim he contracted to sell to them. The paper which was signed by the parties is as follows:

" *January 9th,* 1920.

" Received from Charles Birnbaum, of 1087 Simpson Street, and Sigmund Bendit, of 1076 Simpson Street, Two Hundred Dollars ($200) as part payment for purchase of property known as 1155 Hoe Avenue, Bronx, New York. Price $26,000.00. Five Hundred ($500.00) Dollars on closing of contract. Five Thousand Three Hundred Dollars ($5,300.00) on closing of title. Property purchased subject to a 1st mortgage of $12,000.00 held by Title Co.; interest at 5½%; 2nd mortgage of $8,000.00 for 6 years, payable $700.00 every year, payable semi-annually, interest at 6%. Contract expected

to be closed January 10, 1920. Rents and interest on mortgages, rents of gas ranges, land taxes and water taxes, fire insurance, if any, to be apportioned.

" W. STEIN,<br>
" CH. BIRNBAUM,<br>
" S. BENDET.

" Witnessed by RUDOLPH COWAN."

The defendant claims that the paper did not include all the points discussed, but that there was a difference between them as to whether he should be allowed a lease for one year or for two years of the apartment he occupied in the building in question and that the determination of this difference should be put over until the contract should be " closed " the next day. He also claims that there was to be a provision that upon the expiration of the first mortgage then upon the property he was to be paid an additional $3,000 in cash. The plaintiffs deny that any such understanding was ever had and claim that the paper contains all the terms which were finally agreed upon between the parties and every essential term of a contract for the sale of real estate. I am of the opinion that the form of the instrument that was signed is of such a character as to render admissible the testimony given by the defendant and his witnesses. That instrument starts out as a receipt and does not purport to be the expression of the entire agreement between the parties. On the contrary, it provides that five hundred dollars shall be paid " on closing of contract " and that " contract expected to be closed January 10, 1920." All this, I think, quite clearly indicates that the parties did not regard the contract as closed in the sense of embracing everything that was to be included within it in its final form, but rather that it was left open for future incorporation of other terms and that the instru-

ment as signed was merely the repository of such terms as they had agreed upon up to the time it was signed. For these reasons there should be judgment for the defendant upon the merits, with costs. I have passed upon the requests for findings of the respective parties as indicated on the margins thereof. Submit for my signature upon two days' notice of presentation a decision embodying without change of language all findings made by me, with proof of service on the other side.

Judgment accordingly.